# UNITED STATES DISTRICT COURT

for the
Southern District of Illinois

Jared M. Smith )
_____ )
_____ )
_____ )
*Plaintiff(s)/Petitioner(s)* )

Case Number: 20-949-NJR

*(Clerk's Office will provide)*

v.

Rob Jeffreys, et al., )
Dave White, Perry George, Matthew )
Swalls, Terry Grissom, Ultra Sound Tech., )
Greta Smith, Kimberly Birch, Connie Hart- )
Son, Sarah *Defendant(s)/Respondent(s)* )
Robertson, Wexford Health Sources, Inc.,
Lt. J.A. Ramage

☑ CIVIL RIGHTS COMPLAINT
pursuant to 42 U.S.C. §1983 (State Prisoner)
☐ CIVIL RIGHTS COMPLAINT
pursuant to 28 U.S.C. §1331 (Federal Prisoner)
☐ CIVIL COMPLAINT
pursuant to the Federal Tort Claims Act, 28 U.S.C.
§§1346, 2671-2680, or other law

## I. JURISDICTION

Plaintiff: Jared M. Smith

A.  Plaintiff's mailing address, register number, and present place of confinement. 6695 State Rt. 146 E.
Vienna, Il. 62995
K58441
Vienna, C.C.

**Defendant #1:**

B.  Defendant Rob Jeffreys is employed as
___(a)___ (Name of First Defendant)
Director of Illinois Dept. of Corrections
___(b)___ (Position/Title)
with The State of Illinois
___(c)___ (Employer's Name and Address)

1301 Concordia Court, Springfield, Il. 62794

At the time the claim(s) alleged this complaint arose, was Defendant #1
employed by the state, local, or federal government?   ☑ Yes   ☐ No

If your answer is YES, briefly explain: He was the Director.
of I.D.O.C.

Rev. 10/3/19

1)

**Defendant #2:**

C.      Defendant Matthew Swalls _retired_ is employed as

(Name of Second Defendant)

Chief Administrative Officer/Warden

(Position/Title)

with Illinois Dept. of Corrections

(Employer's Name and Address)

1301 Concordia Court, Springfield, Il. 62794

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?   ☑ Yes   ☐ No

If you answer is YES, briefly explain: He was the Warden of Vienna C.C., an I.D.O.C. facility.

**Additional Defendant(s) (if any):**

D.      Using the outline set forth above, identify any additional Defendant(s).

Dave White

Administrative Review Board- Chairman

Illinois Dept. of Corrections
1301 Concordia Court, Springfield, Il. 62794
At the time of violation, MR. White was the Chairman of the I.D.O.C. Administrative Review Board.

Def. #4: Penny George

Ms. George, was the Health Care Unit Administrator, employed with Wexford Health Sources, Inc.: 501 Holiday Dr., Pittsburgh, PA. 15220

At the time of the violation, Ms. George was staffed at Vienna, C.C., an I.D.C.C. facility.

Def. #5: Greta Smith

Ms. Smith, was the Nurse Practitioner, employed with Wexford Health Sources, Inc.: 501 Holiday Dr., Pittsburgh, PA. 15220

At the time of the violation, Ms. Smith was staffed at Vienna, C.C., an I.D.O.C. facility.

Def. #6: Kimberly Birch

Ms. Birch, was the On-Site Medical Director, employed by Wexford Health Sources, Inc.: 501 Holiday Dr., Pittsburgh, PA. 15220

At the time of violation, Ms. Birch was staffed at Vienna, C.C., an I.D.O.C. facility.

3)

Def. #7: Wexford Health Sources, Inc.

Wexford is the health care provider for I.D.O.C.: 501 Holiday Dr., Pittsburgh, PA. 15220

At the time of the violation, pursuant to the contract between I.D.C.C. and Wexford; Wexford staffed its employees, Birch, Smith, and George, at Vienna, C.C., an I.D.O.C. facility.

Def. #8: Connie Houston

Ms. Houston, was the Grievance Officer and head of Clinical Services, with the Illinois Department of Corrections: 1301 Concordia Court, Springfield, IL. 62794

At the time of the violation, Ms. Houston was employed at Vienna, C.C., an I.D.O.C. facility.

Def. #9: Sarah Robertson

Ms. Robertson, was the Grievance Officer with the Illinois Department of Corrections: 1301 Concordia Court, Springfield, IL. 62794

At the time of the violation, Ms. Robertson was staffed at Vienna, C.C., an I.D.O.C. facility.

4)

Def. #10:   Ramage

MR. Ramage, was the Lieutenant of Internal Affairs, with the Illinois Department of Corrections: 1301 Concordia Court, Springfield, Il. 62794

At the time of violation, MR. Ramage was staffed at Vienna, C.C., an I.D.O.C. facility.

Def. #11: Terry Grissom

MR. Grissom, was the Warden/Chief Administrative Officer, with the Illinois Department of Corrections: 1301 Concordia Court, Springfield, Il. 62794

At the time of violation, MR. Grissom was staffed at Vienna, C.C., an IDOC. facility.

Def. #12: Ultra Sound Technician

## II.  PREVIOUS LAWSUITS

A.  Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☑Yes ☐No

B.  If your answer to "A" is YES, describe each lawsuit in the space below. If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline. **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability**, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).  FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.  Parties to previous lawsuits:
Plaintiff(s): Jared M. Smith

Defendant(s): Wexford Health Sources, Inc.
Penny George - Lesli Kluge - John Adams - Stephens - Vinyard - Baldwin - White - Shields - Birch - David - Swalls

2.  Court (if federal court, name of the district; if state court, name of the county): Southern District

3.  Docket number: 19 - 260 - SMY

4.  Name of Judge to whom case was assigned: ~~~~
Ms. Staci M. Yandle

5.  Type of case (for example: Was it a habeas corpus or civil rights action?): Civil Rights

6.  Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Still Pending

Previous lawsuits Cont.

2. Plaintiff: Jared M. Smith

Defendants: Jeffreys - Baldwin -
Grissom - Swalls

State Court

20 - L M - 8

James R. Williamson

Civil Rights

Dismissed

4 - 7 - 20

6 - 15 - 20

NO

3. Plaintiff: Jared M. Smith

Defendants: Baldwin, et al.

Southern District

18 - CV - 3203 - JES, changed to 18-1503-NJR

Nancy J. Rosenstengel

2)

Previous Lawsuits Cont.

Civil Rights

Motion to withdraw was allowed

8-15-18

9-13-18

   NO

4. Plaintiff: Jared M. Smith

Defendants: I.D.O.C. et al.

Southern District

18-497-NJR

Nancy J. Rosenstengel

Civil Rights

Dismissed

2-26-18

4-27-18

   NO

5. Plaintiff: Jared M. Smith

3)

Previous Lawsuits Cont.

Defendants: I.D.C.C. et al.

Southern District

18-142

David R. Herndon

Civil Rights

Closed

1-29-18

4-4-18

          No

6. Plaintiff: Jared M. Smith

Defendants: City of Danville et al.

Central District

17-2323

Colin S. Bruce

Civil Rights

dismissed

12-22-17

4)

Previous lawsuits Cont.

1-5-18

Strike

7. Plaintiff: Jared M. Smith

Defendants: Roberson etal.

Central District

18-3012

Colin S. Bruce

Civil Rights

Closed

1-29-18

N/A

No

8. Plaintiff: Jared M. Smith

Defendants: Lieutenant St. Walsh etal.

Central District

17-3105

5)

Previous lawsuits Cont.

James E. Shadid

Civil Rights

dismissed

4-18-17

Closed  N/A

Strike

9. Plaintiff: Jared M. Smith

Defendants: Roberson et al.

Central District

17-3092

James E. Shadid

Civil Rights

dismissed

4-4-17

Closed  N/A

Strike

6)

Previous lawsuits cont.

10. Plaintiff: Jared M. Smith

Defendants: Paul Pfeiffer

Central District

17-3093

Michael M. Milan

Civil Rights

dismissed

4-4-17

Closed   N/A

11. Plaintiff: Jared M. Smith

Defendants: Jeffery Brown, et al.

Circuit - Johnson County, IL

20-L-4

James R. Williamson

Civil Rights

pending

7)

4.20.20

unknown

8)

7.  Approximate date of filing lawsuit: 3-4-19

8.  Approximate date of disposition: Unknown

9.  Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?"  NO

III.  **GRIEVANCE PROCEDURE**

A.  Is there a prisoner grievance procedure in the institution?  ☑ Yes   ☐ No

B.  Did you present the facts relating to your complaint in the prisoner grievance procedure?  ☑ Yes   ☐ No

C.  If your answer is YES,
1.  What steps did you take? I exhausted my administrative Remedies

2.  What was the result? denied

D.  If your answer is NO, explain why not.

E.  If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?  ☐ Yes   ☐ No

F.  If your answer is YES,
1.  What steps did you take?

Rev. 10/3/19

2.    What was the result?

G.    If your answer is NO, explain why not.

H.    Attach copies of your request for an administrative remedy and any response you received.  If you cannot do so, explain why not:

Grievances And all steps
Attached

## IV. STATEMENT OF CLAIM

**A.** State here, as briefly as possible, when, where, how, and by whom you feel your constitutional rights were violated. Do not include legal arguments or citations. If you wish to present legal arguments or citations, file a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits. You should also attach any relevant, supporting documentation.

On Aug. 21, 2019, I was sent to the Health Care Unit, At Vienna, c.c., for an ultra sound. I was made to beileve the procedure was for my kidney and testicles. Dr. Birch told me she schedualed me for a kidney ultra sound; then later she told me that she also schedualed me for scrotum ultra sound. So when the ultra sound Tech. called me to come back into an office, I figured everything was on the up and up, that everybody knew what was going on. I got to the office, myself and the Tech—never did get his name, never thought to ask. He said, "ok whats goin on?" So I told him about my kidney pain, and my testicle pain. He then said, "ok lets get started." He told me to get up on this examining table and lay on my stomach, and raise my shirt. I did, he did everything he needed to do with his machine then told me, "Ok this is going to be cold." And applied a cool gel to my lower or mid back. With his right hand he held, like, a joy stick, and with his left he pushed a button to take pictures. After he was done he wiped off my back, had me pull down my shirt, and we were done with my kidneys. He then told me to turn over on my back, pull down my pants and boxers. I did. Then he said, "here comes the cold stuff again." And he applied that gel to my penis and testicles. Then he said, "Dr. Birch didn't order this but Im going to take a look anyway." He once again had the joystick in his right hand and with his left he pushed the picture button at least twice.

Rev. 10/3/19

## Statement of Facts Cont.

Then he set the joystick down and began fondling my testicles, then he grabbed my penis - he didn't stroke it - but my penis didn't have anything to do with why I was there. He then began to press around my inner thigh asking if it hurt, I said no. Then he said, "ok we're done." He gave me a hand full of paper towels and had me wipe all that gel off. Then I pulled up my boxers and pants, and left.

There were no witnesses for this procedure

I told Ms. Birch, Greta Smith, I.A. Lt. Ramage. RN Linda was in the office when I told NP Smith

Nobody did anything.

March 5, 2020, on or about. I was in healthcare for a court hearing on the 2nd floor, while I was waiting to leave, the U/S Tech. came in with his machine. It made me sick to see him again.

No one would ever give me his name, I wrote a request to Lt. Ramage asking the Tech's name - nothin. I wrote medical records over and over, and finally wrote a grievance to get them to give me his name. Griev. No. 97-04-20 -nothing.

2)    (PREA Administrative Directive Attached)

## V.   REQUEST FOR RELIEF

State exactly what you want this court to do for you.  If you are a state or federal prisoner and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records, or parole), you must file your claim on a habeas corpus form, pursuant to 28 U.S.C. §§ 2241, 2254, or 2255.  Copies of these forms are available from the clerk's office.

First, that all PREA claims be Investigated by an outside source, not affiliated with I.D.O.C. Second, that all defendants - where applicable - be sued In there official, and Individual, Capacities. Third, that the Ultra Sound Tech. be fired. Fourth, every defendant be made to Pay me $200,000 for emotional Injury, $200,000 for compensatory, and $2,000,000 for punitive damages.

## VI.   JURY DEMAND (check one box below)

The plaintiff ☒ does  ☐ does not request a trial by jury.

## DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions.

Signed on: 9-16-20
(date)

6695 State Rt. 146 E,
Street Address

Vienna, Il. 62995
City, State, Zip

Signature of Plaintiff

Jared M. Smith
Printed Name

K58441
Prisoner Register Number

Signature of Attorney (if any)

Rev. 10/3/19

# State of Illinois - Department of Corrections
## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | K58441 | **Counseling Date** | 01/29/20 08:37:44:420 |
| **Offender Name** | SMITH, JARED M. | **Type** | Collateral |
| **Current Admit Date** | 07/01/2010 | **Method** | Grievance |
| **MSR Date** | 05/13/2023 | **Location** | VIE   CLINICAL SERVICES |
| **HSE/GAL/CELL** | 03-D -01 | **Staff** | ROLFE, JESSICA, Office Coordinator |

Grievance office received grievance #116-01-020 marked emergency by the offender regarding Medical Treatment, dated 1/28/2020.

**Print Date  1/29/2020**

# State of Illinois - Department of Corrections
## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | K58441 | **Counseling Date** | 02/04/20 07:46:25:537 |
| **Offender Name** | SMITH, JARED M. | **Type** | Collateral |
| **Current Admit Date** | 07/01/2010 | **Method** | Grievance |
| **MSR Date** | 05/13/2023 | **Location** | VIE   CLINICAL SERVICES |
| **HSE/GAL/CELL** | 03-D -01 | **Staff** | ROLFE, JESSICA, Office Coordinator |

Grievance office received grievance #116-01-020 from the offender regarding Medical Treatment, dated 01/28/2020 deemed non-emergency by CAO.  If you wish to proceed to the 1st Time Review for counselor's response, send grievance back to clinical services.

2nd.

**Print Date  2/4/2020**

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | K58441 | **Counseling Date** | 02/06/20 12:22:56:860 |
| **Offender Name** | SMITH, JARED M. | **Type** | Collateral |
| **Current Admit Date** | 07/01/2010 | **Method** | Grievance |
| **MSR Date** | 05/13/2023 | **Location** | VIE   CLINICAL SERVICES |
| **HSE/GAL/CELL** | 03-D -01 | **Staff** | ROLFE, JESSICA, Office Coordinator |

Grievance office received grievance # 116-01-020 from the offender regarding Medical Treatment dated 1/28/2020 previously deemed non-emergency. Forwarded to Clinical Services for Counselor's response.

3rd.

**Print Date  2/6/2020**

# State of Illinois - Department of Corrections
## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | K58441 | **Counseling Date** | 02/18/20 08:01:18:907 |
| **Offender Name** | SMITH, JARED M. | **Type** | Collateral |
| **Current Admit Date** | 07/01/2010 | **Method** | Grievance |
| **MSR Date** | 05/13/2023 | **Location** | VIE   CLINICAL SERVICES |
| **HSE/GAL/CELL** | 03-D -01 | **Staff** | ROLFE, JESSICA, Office Coordinator |

Grievance Office received grievance # 116-01-020 (2nd Level Review) regarding medical treatment, dated 1/28/2020 Forwarded to grievance officer for response.

4th.

**Print Date  2/18/2020**

| | |
|---|---|
| Inmate Id: | K58441 |
| Name: | SMITH, JARED |
| Chair Code: | DAWH ▾ |
| Grv Type: | L ▾ |
| Grv Code: | MEDICAL ▾ |
| Receive Date: | 03/04/2020 |
| Hearing Date: | 00/00/0000 |
| Mailing Date: | 00/00/0000 |
| Grv Loc: | VIENNA CC ▾ |
| Hearing Loc: | VIENNA CC ▾ |

| | |
|---|---|
| Ret Form Ind: | ▾ |
| Modify Ind: | ▾ |
| Deny Ind: | ▾ |
| Favorable Ind: | ▾ |
| Deferred Ind: | ▾ |
| Moot Ind: | ▾ |
| Grievance Number: | 116-01-020 |
| Incident Number: | |
| Incident Date: | 00/00/0000 |
| Incident Inst: | ▾ |
| Date Receipted: | 03/06/2020 |

**Comments:** GRV #116-01-020 GRVS RETALIATION BY DR. BIRCH DUE TO A PENDING LAW SUIT; I/M CLAIMS TO HAVE BEEN IN EXTREME PAIN HE BELIEVED TO BE KIDNEYS, WHICH I/M CLAIMS IS AN ONGOING ISSUE.

5 th.

Final

J.B. Pritzker
Governor



Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: Smith, Jared

3/6/20
Date

ID# : K58441

Facility: Vienna

This is in response to your grievance received on __3/4/20__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: 1/28/20    Grievance Number: 116-01-020    Griev Loc: Vienna

☐ Transfer denied by the Facility

☐ Dietary _____

☐ Personal Property _____

☐ Mailroom/Publications _____

☐ Assignment (job, cell) _____

☐ Commissary / Trust Fund _____

☐ Conditions (cell conditions, cleaning supplies, etc.) _____

☐ Disciplinary Report: Dated: _____ Incident # _____

☐ Other   Med: Offender wants to see specialist for abdominal pain as of 1/13/20

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by
_____.

☐ Denied, in accordance with DR504F, this is an administrative decision.

☐ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

☒ Other:   Moot: Based on Grievacne officer report offender's medical needs are being addressed by HCU.  As of 2/7/20, CT Scan

pending.

FOR THE BOARD: _Dave White signature_   CONCURRED: _Rob Jeffreys signature_   3/10/20

Dave White
Administrative Review Board

Rob Jeffreys
Acting Director

CC: Warden, Vienna _____ Correctional Center

Smith, Jared _____, ID# K58441

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** 02/18/2020  **Date of Review:** 02/25/2020  **Grievance #** (optional): 116-01-020

**Offender:** Smith, Jared  **ID#:** K58441

**Nature of Grievance:**

Offender Smith is grieving medical treatment.

**Facts Reviewed:**

Offender states he is suffering from extreme pain in what he believes to be his kidneys which has been an on-going issue. He states back in July 2019 the radiologist told Dr. Birch that if further imaging was clinically desired that a CT scan would be helpful for further evaluation. Offender states the kidney ultra sound was done by a technician who is not trustworthy because the technician fondled his testicles. Offender states after his colonoscopy was approved it took 60 days for him to get the colonoscopy which was direct retaliation by Dr. Birch because he has a pending law suit against her.

Counselor's response states, "Per HCUA George- the above offender has had a colonoscopy on 1/14/2020 and follow up appts. On 1/23/2020 offender refused nurse sick call. CT Abdominal has been ordered and is still pending."

A review of HCUA George's answer states 1/14/2020 - med furlough-colonoscopy. 1/16/2020 - Saw MD for F/U - colonoscopy; if further abdominal problems, consider abdominal U/S or CT - no complaints presently. 1/17/2020 Saw MD Re: request for MRI of kidney/shoulder pain. Discussed continued lower flank/abdominal pain. Dr. Joyt addressed and recommended CT scan of abdomen/pelvis if pain continues. 1/23/2020 - offender refused NSC. 2/5/2020 Saw NP for F/U - labs. Offender still complains of abdominal pains/flank. CT abdominal/pelvis ordered per Dr. Joyt recommendation. 2/7/2020 Appointment for CT scan pending.
CON'T ON BACK

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this G.O., the Offender's grievance is denied. Offender had a colonoscopy and follow up with MD for the colonoscopy. A CT of the abdominal has been ordered and is pending. Dr. Birch is not retaliating against this offender nor does she schedule the appointments with the outside doctors. Offender has access to health care.

Sarah Robertson, CCII

Sarah Robertson  Digitally signed by Sarah Robertson
Date: 2020.02.25 09:14:32 -08'00'

_____
Print Grievance Officer's Name

_____
Grievance Officer's Signature

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** 2/26/2u    ☒ I concur   ☐ I do not concur   ☐ Remand

**Action Taken:**

_____
Chief Administrative Officer's Signature

2/26/20
Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

_____
Offender's Signature

_____
ID#

_____
Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE** (Continued)

This GO followed up with Dr. Birch who stated she is not retaliating nor has she retaliated against this offender. Dr. Birch states she does not schedule the appointments with the outside doctors, their office staff does.

The issue of his testicles being fondled was answered in grievance 122-08-019.

Assigned Grievance #/Institution: 116-01-020-Vienna-CC

Housing Unit: 3 D   Bed #: 1 B

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

1st Lvl rec:                                                    2nd Lvl rec:

| Date: 1·28·20 | Offender (please print): Smith, Jared | ID #: K58441 | Race (optional): |

RECEIVED JAN 2 9 2020

| Present Facility: Vienna | Facility where grievance issue occurred: Vienna |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report

- [ ] Mail Handling
- [ ] Dietary
- [x] Other (specify): Possible Actions of Retaliation

- [x] Medical Treatment
- [ ] HIPAA

- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

RECEIVED FEB 18 2020 VIENNA GRIEVANCE OFFICER

RECEIVED FEB 05 2020 VIENNA CLINICAL SERVICES

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance".

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

I am suffering from extreme pain in my - I believe - kidneys. This is an on going issue. Today, I could hardly move, do to the pain. Back in July 17, 2019, the radiologist told Dr. Birch - on-site Medical Director - that if further imaging was clinically desired, that a C.T scan would be helpful for further evaluation. Instead, the Medical Director decided to have an

[x] Continued on reverse

**Relief Requested:** That I be immediately - upon review of this grievance - taken to the nearest specialist to have all the tests and exams performed, to ascertain the source of my overwhelming pain, have it diagnosed and treated - without delay.

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[ ] Check if this is NOT an emergency grievance.

Offender's Signature ___Smith___   ID# K58441   Date 1·28·20

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**   Date Received: ___   [x] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response: Per HCUA Aronge - the above offender has had a colonoscopy on 1-14-2020 & follow up appts. On 1-23-2020 offender refused nurse sick call. C.T Abdominal has been ordered & is still pending

Print Counselor's Name Serina Lane   Sign Counselor's Name Serina Lane   Date 2-10-2020

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**   Date Received: 2/3/2020

Is this determined to be of an emergency nature?

[ ] Yes, expedite emergency grievance

[x] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

Chief Administrative Officer's Signature ___   Date 2/3/2020

Distribution: Master File; Offender                    Page 1 of 2                    DOC 0046 (Rev. 01/2020)

Assigned Grievance #/Institution: IL0-01-020 Vienna CE      Housing Unit: 3 D     Bed #: 1 B

1st Lvl rec:                    **ILLINOIS DEPARTMENT OF CORRECTIONS**                    2nd Lvl rec:
                                      **Offender's Grievance**

ultra sound technician come here for an on-site
ultra sound. This kidney ultra sound was peformed
by a person who's work is questionable and
cannot be accounted as trust-worthy; after
the kidney ultra sound was finished, the tech.
then proceeded to fondle my testicles and penis,
even though a scrotum ultra sound had not yet
been approved. (Grievance No. 122-08-019).
   After my colonoscopy was approved, Dr. Birch
schedualed the actual presedure about 60 days
away - knowing full well that I was constantly
crapping blood, and blood was found in my stool,
constent stomach pain.
   Now weeks are going by before I have been
taken to get the CT scan Dr. Birch told me
she was going to schedual me for almost -
if not - 2 weeks ago.
   I feel these delays in treatment is defena-
tely causing irrapaceable damage, and 10 out
of 10 pain.
   Sick call passes don't get answered until symp-
toms have subsided some, making things seem
not as severe as they are.
   My pain is constant and on-going, right now
pain is 10 out of 10.
      Dr. Kimberly Birch is a defendant in an
active lawsuit, Case No. 260, S.D.IL, this is possible
retaliation for that proceeding.
                   Please do not turn a blind eye,
            to my serious medical need.

Distribution: Master File; Offender              Page 2 of 2              DOC 0046 (Rev. 01/2020)

J.B. Pritzker
Governor



Rob Jeffreys
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender: Smith, Jared

10/22/19
Date

ID# : K58441

Facility: Vienna

This is in response to your grievance received on __10/21/19__. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

Your issue regarding: Grievance dated: __8/21/19__  Grievance Number: __122-08-019__  Griev Loc: __Vienna__

☐ Transfer denied by the Facility

☐ Dietary _____

☐ Personal Property _____

☐ Mailroom/Publications _____

☐ Assignment (job, cell) _____

☐ Commissary / Trust Fund _____

☐ Conditions (cell conditions, cleaning supplies, etc.) _____

☐ Disciplinary Report: Dated: _____ Incident # _____

☑ Other  Staff conduct: Claims ultrasound tech was rough with testicle examination on 8/21/19.

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed, Warden _____ is advised to provide a written response of corrective action to this office by _____.

☐ Denied, in accordance with DR504F, this is an administrative decision.

☑ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.

☐ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

☐ Other: ARB contacted IA at Vienna to confirm the ultrasound technician was interviewed for investigation.

_____

FOR THE BOARD: _____
Dave White
Administrative Review Board

CONCURRED: _____
Rob Jeffreys
Acting Director

CC: Warden, __Vienna__ Correctional Center
    Smith, Jared , ID# K58441

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**

# State of Illinois - Department of Corrections
## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | K58441 | **Counseling Date** | 08/26/19 12:53:52:660 |
| **Offender Name** | SMITH, JARED M. | **Type** | Collateral |
| **Current Admit Date** | 07/01/2010 | **Method** | Grievance |
| **MSR Date** | 05/13/2023 | **Location** | VIE   CLINICAL SERVICES |
| **HSE/GAL/CELL** | 03-C -02 | **Staff** | SHELTON, MICHAEL E., Correctional Counselor I |

Grievance office received grievance #122-08-019 marked emergency by the offender regarding Staff Conduct/Medical Treatment, dated 8/24/2019.

**Print Date  8/26/2019**

# State of Illinois - Department of Corrections

## Counseling Summary

| | | | |
|---|---|---|---|
| **IDOC #** | K58441 | **Counseling Date** | 08/30/19 11:16:00:277 |
| **Offender Name** | SMITH, JARED M. | **Type** | Collateral |
| **Current Admit Date** | 07/01/2010 | **Method** | Grievance |
| **MSR Date** | 05/13/2023 | **Location** | VIE   CLINICAL SERVICES |
| **HSE/GAL/CELL** | 03-C -02 | **Staff** | SHELTON, MICHAEL E., Correctional Counselor I |

Emergency grievance #122-08-01, dated 8/21/2019 regarding Staff Conduct/Medical Treatment has been deemed emergency by CAO for expedited grievance review.

| | | | |
|---|---|---|---|
| Inmate Id: | K58441 | Ret Form Ind: | ▼ |
| Name: | SMITH, JARED | Modify Ind: | ▼ |
| Chair Code: | DAWH ▼ | Deny Ind: | ▼ |
| Grv Type: | L ▼ | Favorable Ind: | ▼ |
| Grv Code: | MEDICAL ▼ | Deferred Ind: | ▼ |
| Receive Date: | 10/21/2019 | Moot Ind: | ▼ |
| Hearing Date: | 00/00/0000 | Grievance Number: | 122-08-019 |
| Mailing Date: | 00/00/0000 | Incident Number: | |
| Grv Loc: | VIENNA CC ▼ | Incident Date: | 00/00/0000 |
| Hearing Loc: | VIENNA CC ▼ | Incident Inst: | ▼ |
| | | Date Receipted: | 10/22/2019 |

Comments: EGRV# 122-08-019. GRVS OFFENDER CLAIMS OF MEDICAL MALPRACTICE OF UNNAMED UNTRASOUND TECHNICIAN FOR WRONGFULLY PERFORMING AN ULTRASOUND ON OFFENDER'S PENIS & TESTICLES.

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO OFFENDER'S GRIEVANCE

| Grievance Officer's Report | | |
|---|---|---|
| Date Received: 08/30/2019 | Date of Review: 09/25/2019 | Grievance # (optional): 122-08-019 |
| Offender: Smith, Jared | | ID#: K58441 |

**Nature of Grievance:**

Offender Smith alleges inappropriate staff conduct during a kidney ultra sound procedure.

**Facts Reviewed:**

This G.O. reviewed responses from HCUA Penny George and Lt. Ramage, Internal Affairs.
Offender Jared Smith, K584441 alleges that on Aug. 21,2019, he was put in for an ultrasound for his kidneys and testicles by Dr. Birch. He alleges the ultrasound guy used the same cold gel he used on Offender Smith's back and put it on the offender's penis and testicles. He alleges this "guy" told him Dr. Birch did not order the examination of these areas, but that he was going to do it anyway. Offender Smith states no one else was in the room as a witness for the staff person, which is a policy violation. This grievance was deemed an Emergency by Warden Swalls and sent to HCUA Penny George and IA Lt. Ramage to investigate these allegations.
Ms. George's written statement follows:"In regard to the grievance filed by Offender Smith, K58441, which was received in Health Care Unit on 9/3/19. On 8/21/19, Kidney Ultrasound was completed. Results received for Renal Ultrasound which were reviewed with offender on 8/30/19. There is no documentation or results in the medical file of a testicle exam or ultrasound being completed on 8/21/19."
Lt. Ramage's written response states, "In reference to Offender Grievance (#122-08-019) authored by I/M Jared Smith, K58441 on August 21,2019, an investigation into the allegations made in grievance # 122-08-019 has been completed. The investigation concluded the allegations to be UNSUBSTANTIATED."

**Recommendation:**

Based upon a total review of all available information, it is the recommendation of this G.O., the Offender's grievance be Denied. An investigation into the allegations concerning staff misconduct made in this grievance by Offender Jared Smith, were found to be unsubstantiated.

| Connie Hust | Elbbt ass |
|---|---|
| Print Grievance Officer's Name | Grievance Officer's Signature |

(Attach a copy of Offender's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|
| Date Received: 9/26/2019 | ☒ I concur   ☐ I do not concur   ☐ Remand | |

**Action Taken:**

| M. Swalls B | 9-26-19 |
|---|---|
| Chief Administrative Officer's Signature | Date |

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

| Offender's Signature | ID# | Date |
|---|---|---|

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Housing Unit: 3-C     Bed #: 2-B

122-08-019

| te: 8.21.19 | Offender: (Please Print) Smith, Jared M. | ID#: K58441 |
|---|---|---|

esent Facility: ___ | Facility where grievance issue occurred:

**TURE OF GRIEVANCE:**

☐ Personal Property       ☐ Mail Handling       ☐ Restoration of Good Time       ☐ ADA Disability Accommodation
☒ Staff Conduct            ☐ Dietary             ☒ Medical Treatment              ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Other (specify): ___

RECEIVED AUG 2 6 2019
VIENNA CLINICAL SERVICES

☐ Disciplinary Report: ___/___/___
                       Date of Report          Facility where issued

RECEIVED AT AUG 23 2019

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

mplate: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:     VIENNA GRIEVANCE OFFICER
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from
another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

mmary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information each person involved): August 21, 2019, I went to the healthcare unit for a nurse sick call pass scheduled for 10:30am, for an Ultra Sound. Initially Dr. Birch had put me in for an Ultra Sound for my kidneys, then she added one for my testicles, which is what she told me on my last M.D. sick call. When I was finally called for my turn to be seen by person conducting the Ultra Sounds, I was led to the back, far back office. When the UltraSound person and myself entered the office, he asked me what all was going on with me, so I began to describe my symptoms and pains in my kidneys and testicles. He then asked me to raise my

Relief Requested: That the Ultra Sound guy be investigated for misconduct malpractice PREA, who else has he been alone with naked & what did he do? That Wexford repremand it's staff at Vienna for allowing such egregious actions & policy violati...

☒ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
☐ Check if this is NOT an emergency grievance.

_Smith_                              K58441        8/24/19
Offender's Signature                 ID#            Date

(Continue on reverse side if necessary)

---

| **Counselor's Response** (if applicable) |
|---|

Date Received: ___/___/___       ☐ Send directly to Grievance Officer       ☐ Outside jurisdiction of this facility. Send to
                                                                                Administrative Review Board, P.O. Box 19277,
                                                                                Springfield, IL 62794-9277

Response: ___

Print Counselor's Name          Counselor's Signature          Date of Response

---

| **EMERGENCY REVIEW** |
|---|

Date Received: 8/29/19       Is this determined to be of an emergency nature?   ☒ Yes; expedite emergency grievance
                                                                                ☐ No; an emergency is not substantiated.
                                                                                Offender should submit this grievance
                                                                                in the normal manner.

_M. Snell_                                                       8/29/19
Chief Administrative Officer's Signature                          Date

Distribution: Master File; Offender                    Page 1                    DOC 0046 (1/2016)

shirt and lay down on the exam table on my stomach. I asked if he had anything to clean the table with, at that time he found an unopened container of cleaning wipes, he opened it, got a few out with the gloves he pulled out of his bag. He said he had to use the gloves because it had been said somewhere, that the wipes could contain or cause some sort of disease, or whatever he said was wrong with them. When he was done cleaning, he put a sheet on the table from a portable cart thing with shelves. I got on the table on my stomach and he began the Ultra Sound on my right and left kidneys. When he was done, he had me roll over on my back, and pull down my pants and underwear. He puts the same cold gel he used on my back and put it on my penis and testicles. Then he says, "Dr. Birch didn't order this, but I'm going to take a look anyway." So he, I guess began doing the Ultra Sound, but he did more examing with both his hands than was, I believe, needed for some one who's just supposed to do an Ultra Sound. But what really got me, is that there was no one else in the office as a witness for him, while having me expose my genitals And touching to them. I'm quite sure there is some kind of policy in place for those situations, when a nurse or doctor needs a patient to expose themselves. Usually there is always some one there or called in to be a witness that nothing illegally or otherwise is going on. If Dr. Birch had in fact ordered the testicle Ultra Sound like she told me she did, someone, I'm sure would've been there, so I guess he was telling the truth when he stated, "Dr. Birch didn't order this." I don't Know, is this PREA? Or a crime?

| | **Illinois Department of Corrections** | |
| --- | --- | --- |
| | **Administrative Directive** | |
| Number:<br><br>**04.01.301** | Title:<br>**Sexual Abuse and Harassment Prevention and Intervention Program** | Effective:<br><br>**6/1/2020** |

| Authorized by: | *[Original Authorized Copy on File]* | **Rob Jeffreys**<br>**Acting Director** |
| --- | --- | --- |
| **Supersedes:** | 04.01.301 effective 4/1/2017 | |

| Authority:<br>725 ILCS 200/1 and 202/10<br>730 ILCS 5/3-2-2<br>410 ILCS 70/1a and 70/5<br>Title 42 USC Sections<br>15601-15609 | Referenced Policies:<br>01.12.105, 01.12.120,<br>04.01.114, 04.01.115,<br>04.03.115 | Referenced Forms:<br>DOC 0434 – Incident Report<br>DOC 0494 – Screening for Potential Sexual Victimization<br>　　　　　or Sexual Abuse<br>DOC 0498 – PREA Retaliation Monitor – Offender<br>DOC 0499 – PREA Retaliation Monitor – Staff |

## I.   POLICY

The Department shall have a zero tolerance policy for sexual abuse and sexual harassment and shall establish and maintain a program for the prevention and intervention of sexual abuse and harassment in correctional facilities in accordance with the standards established by the Prison Rape Elimination Act of 2003.

## II.   PROCEDURE

### A.   Purpose

The purpose of this directive is to establish internal instructions to staff regarding prevention and intervention of offender sexual abuse and harassment.

### B.   Applicability

This directive is applicable to all correctional facilities within the Department.

### C.   Facility Reviews

A facility review of this directive shall be conducted at least annually.

### D.   Designees

Individuals specified in this directive may delegate stated responsibilities to another person or persons unless otherwise directed.

### E.   Definitions

1.   Prison Rape Elimination Act of 2003 (PREA) – legislation requiring agencies to comply with the national standards approved and promulgated by the Attorney General to eliminate sexual abuse and harassment in confinement settings.

2.   Sexual abuse – for the purposes of this Directive shall mean sexual abuse of:

   a.   An offender by another offender, *if the victim does not consent, is coerced into such an act by overt or implied threats of violence, or is unable to consent or refuse including any contact between the penis and vulva or the penis and anus, including penetration, however slight; contact between the mouth and the penis, vulva, or anus; penetration of the anal or genital opening of another person, however slight, by a hand, finger, object, or other instrument; and any other intentional touching, either directly or through the*

| | Illinois Department of Corrections<br>Administrative Directive | Page 2 of 12 |
|---|---|---|
| Number:<br>04.01.301 | Title:<br>Sexual Abuse and Harassment Prevention and Intervention<br>Program | Effective:<br>6/1/2020 |

*clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of another person excluding contact incidental to a physical altercation.*

    b.    An offender by a staff member, with or without consent of the offender, including:

        (1)    *Contact between the penis and the vulva or penis and the anus, including penetration, however slight; contact between the mouth and the penis, vulva, or anus; contact between the mouth and any body part where the staff member has the intent to  abuse, arouse, or gratify sexual desire; penetration of the anal or genital opening, however slight, by hand, finger, object, or other instrument, that is unrelated to official duties or where the staff member has the intent to abuse, arouse, or gratify sexual desire; any other intentional contact, either directly or through the clothing, of or with the genitalia, anus, groin, breast, inner thigh, or the buttocks, that is unrelated to official duties or where the staff member has the intent to abuse, arouse, or gratify sexual desire; any attempt, threat, or request to engage in any of the above; or*

        (2)    *Any display by staff of his or her uncovered genitalia, buttocks, or breast in the presence of an offender; and voyeurism as defined as an invasion of an offender's privacy by staff for reasons unrelated to official duties, such as peering at an offender who is using a toilet in his or her cell to perform bodily functions; requiring an offender to expose his or her buttocks, genitals, or breasts; or taking images of all or part of an offender's naked body or of an offender performing bodily functions.*

3.    Sexual harassment – for the purpose of this directive, shall mean *repeated and unwelcome sexual advances, request for sexual favors, or verbal comments, gestures, or actions of a derogatory or offensive sexual nature by an offender directed to another offender; and repeated verbal comments or gestures of a sexual nature to an offender by staff, including demeaning references to gender, sexually suggestive or derogatory comments about body or clothing, or obscene language or gestures.*

4.    Agency PREA Coordinator – the coordinator of the Sexual Abuse and Harassment Prevention and Intervention Program for the Department.

5.    Facility PREA Compliance Manager – the staff person designated to ensure facility compliance with the Sexual Abuse and Harassment Prevention and Intervention Program at a facility.

6.    Vulnerable offender – an offender identified by the Chief of Mental Health who may need special services because he or she has been a victim of sexual abuse in a correctional setting, or who is potentially vulnerable to sexual abuse in a correctional setting.

7.    Predator – an offender identified by the Chief of Mental Health as having a history of sexually abusive behavior determined to present a risk to other offenders.

8.    Staff – for the purpose of this directive shall mean any Department employee, contracted employee, employee of a vendor, or volunteer.

9.    Chain of evidence – accounting for the continuous possession of evidence specimen from the time of collection until evidence is introduced into court.

10    Transgender – for the purpose of this directive means a condition whereby an offender's gender identity is different from his or her assigned gender at birth.

| | Illinois Department of Corrections<br>Administrative Directive | Page 3 of 12 |
|---|---|---|
| Number:<br>04.01.301 | Title:<br>Sexual Abuse and Harassment Prevention and Intervention<br>Program | Effective:<br>6/1/2020 |

11. Intersex – congenital disorder in which the development of chromosomal or anatomical sex is atypical.

12. Sexual Assault Nurse Examiner (SANE) / Sexual Assault Forensic Examiner (SAFE) – a physician, physician assistant, nurse, or nurse practitioner who has been specially educated and completed clinical requirements to perform a forensic medical examination.

**F.    General Provisions**

1.   The Sexual Abuse and Harassment Prevention and Intervention Program shall comply with all standards established by PREA and shall include, at a minimum:

   a.   Procedures to prevent sexually abusive and harassing behavior including:

      (1)   Providing training on the Department's zero tolerance policy for sexual abuse and sexual harassment to all staff and any contractors or volunteers who have contact with offenders; and

      (2)   The screening, classification and education of offenders

   b.   Prompt reporting and intervention if abuse or harassment is suspected or occurs, including medical, psychological, safety and security aspects;

   c.   Prompt investigation, disciplinary action and referral for prosecution, where appropriate;

   d.   Identification of predators and vulnerable offenders; and

   e.   Services available to offenders following sexual abuse or harassment.

2.   The Director shall designate an AgencyPREA Coordinator who shall:

   a.   Develop, implement and oversee the Department's Sexual Abuse and Harassment Prevention and Intervention Program.

   b.   Establish, maintain and review annually a PREA Sexual Abuse and Harassment Prevention and Intervention Program Manual that provides written direction for staff concerning the national standards approved and promulgated by the Attorney General pursuant to the Prison Rape Elimination Act of 2003.

   c.   Develop or approve standardized modules for training staff.  Training shall include, but may not be limited to:

      (1)   The Department's zero tolerance policy;

      (2)   The Department's Sexual Assault and Harassment Prevention and Intervention Policy;

      (3)   An offender's right to be free from sexual abuse and harassment and to be free from retaliation for reporting sexual abuse and harassment;

      (4)   Common signs of sexually abusive or harassing behavior;

      (5)   Common signs of being a victim of sexual abuse or harassment;

      (6)   Protocol for initial response, including identification and separation of offenders;

| | Illinois Department of Corrections<br>**Administrative Directive** | Page 4 of 12 |
|---|---|---|
| Number:<br>04.01.301 | Title:<br>Sexual Abuse and Harassment Prevention and Intervention Program | Effective:<br>6/1/2020 |

(7)     Reporting procedures; and

(8)     Preservation of physical evidence of sexual abuse.

d.     Ensure each year at least one-third of the Department's facilities undergo a PREA audit performed by a contracted PREA auditor certified by the Department of Justice.

3     The Chief of Mental Health shall render a final determination for entry of predator or vulnerable offender identifiers in Offender 360.

**NOTE:** Once the initial determination has been made, only the Chief of Mental Health may change the identifying entry.

4.     The Chief Administrative Officer of each correctional facility shall:

a.     Designate a facility PREA Compliance Manager:

1)   With sufficient time and authority to coordinate the facility's efforts to comply with the PREA standards; and

2)   Is trained in sexual abuse crisis issues and has the knowledge, skills and abilities for program implementation and evaluation.

b.     Designate a Backup PREA Compliance Manager to assist the PREA Compliance Manager and ensure a continuum of services in the PREA Compliance Manger's absence. Minimum training requirements shall be in accordance with Section II F.4.a.(2).

c.     Identify community agencies, including advocacy and crisis organizations, where reports can be made or that provide assistance or support services to staff or offenders in the prevention or intervention of sexual abuse and harassment.

**NOTE:** Contact information such as mailing addresses shall be provided via offender handbook, bulletins, etc.

d.     Ensure staff and offenders are provided with training on the Department's Sexual Abuse and Harassment Prevention and Intervention Program.

5.     The facility PREA Compliance Manager shall:

a.     Coordinate the facility's efforts to comply with the PREA Standards.

b.     Develop and maintain a program for the evaluation, treatment and counseling of victims and predators of sexual abuse or harassment.

c.     Identify offenders who have post-release needs for treatment and counseling in the community upon release or discharge and make appropriate referrals for same.

6.     Access to information related to sexual abuse occurring in a correctional setting shall be treated as confidential and limited to staff directly related to the assessment, treatment, placement or investigation of the offender to the extent possible while ensuring the safety and security of offenders and staff.  Informed consent shall be required before utilizing information regarding a sexual victimization that occurred outside of a correctional setting.

| | Illinois Department of Corrections<br>Administrative Directive | Page 5 of 12 |
|---|---|---|
| Number:<br>04.01.301 | Title:<br>Sexual Abuse and Harassment Prevention and Intervention<br>Program | Effective:<br>6/1/2020 |

G. **Requirements**

The Chief Administrative Officer of each correctional facility shall develop a written procedure to ensure compliance with the Department's Sexual Abuse and Harassment Intervention and Prevention Program and to establish response procedures for suspected, alleged or substantiated cases of sexual abuse and harassment. The procedure shall provide, at a minimum, for each of the following:

1. Screening and assessment to identify predators and vulnerable offenders.

 a. Staff shall make a reasonable effort to ensure the screening and assessment is conducted with consideration of sound confidentiality and sensitivity to the offender.

 b. Screening and assessment shall be documented on the Screening for Potential Sexual Victimization or Sexual Abuse, DOC 0494, or an electronic equivalent and shall occur:

  (1) Ordinarily within 72 hours of admission or transfer to any facility:

   (a) Staff designated by the Chief Administrative Officer shall screen each offender for sexually abusive behavior or victimization.

   (b) Clinical services staff shall review the pre-sentence report, statement of facts and other material in the master file for sexually abusive behavior or victimization. Concerns shall be forwarded to the facility PREA Compliance Manager.

   (c) Mental health professionals shall inquire whether the offender has been a victim of sexual abuse in the past.

  (2) Within 30 days of admission or transfer to the facility. Each offender, including any offender returned to Reception and Classification as a parole or mandatory supervised release violator, shall be screened again for sexually abusive behavior or victimization and potential predator or vulnerable offender identification based upon any additional, relevant information received by the facility since the intake screening.

  (3) When warranted due to a referral, request, incident of sexual abuse, or receipt of additional information that bears on the offender's risk of sexual victimization or abusiveness.

 c. Any indication of sexually abusive behavior, victimization or potential victimization in a correctional setting identified at a Reception and Classification Center or at any assigned facility shall be referred to the facility PREA Compliance Manager.

 d. The facility PREA Compliance Manager shall promptly:

  (1) Review any referrals to assess whether an offender should be identified as a predator or vulnerable offender using the DOC 0494 and make recommendations regarding safety considerations and any treatment or counseling needs.

   (a) If it is determined that the offender was previously a victim of sexual abuse, the facility PREA Compliance Manager shall notify medical and mental health staff within 14 days of screening.

   (b) If it is determined that the offender previously perpetrated sexual abuse,

| | Illinois Department of Corrections<br>**Administrative Directive** | Page 6 of 12 |
|---|---|---|
| Number:<br>04.01.301 | Title:<br>Sexual Abuse and Harassment Prevention and Intervention<br>Program | Effective:<br>6/1/2020 |

the facility PREA Compliance Manager shall notify mental health staff within 14 days of screening.

    (2)    Where appropriate, enter the predator or vulnerable offender identifier in Offender 360 and refer the offender to the Chief of Mental Health for a final determination.

    e.    The Chief of Mental Health, within two weeks of referral, shall review and make a final determination regarding any identifying entries.  Once the determination has been made, the identifier cannot be changed unless requested by the Chief Administrative Officer. This request shall be made to the Chief of Mental Health and only the Chief of Mental Health may change the identifying entry.

2.    Housing

    a.    Prior to housing an offender identified as a predator with another offender, the proposed housing assignment shall be reviewed and approved by the Chief Administrative Officer in consultation with the facility PREA Compliance Manager.

    b.    An offender identified as vulnerable shall not be housed with an offender identified as a predator.  Prior to housing an offender identified as vulnerable with another offender, the proposed housing assignment shall be reviewed by the facility PREA Compliance Manager and approved by the Chief Administrative Officer.

    c.    An offender identified as vulnerable shall not be housed in segregation status for the sole purpose of providing protective custody unless no other means of separation can be arranged.  The placement shall require the approval of the Deputy Director or Agency PREA Coordinator (no designee) and shall only continue until an alternative means of separation can be provided, and such placement in segregation status shall not ordinarily exceed a period of 30 days.

3.    Offender Education

    a.    During the admission and orientation process, offenders shall be provided with a presentation regarding the Department's Sexual Abuse and Harassment Prevention and Intervention Program including reporting procedures and available services and the zero tolerance policy.  Offenders shall be informed that victims need not name their attacker to receive medical and mental health services.

    b.    The offender handbook shall include an explanation of reporting procedures and programs and services available to victims or predators of sexual abuse and harassment.

NOTE:  The Department shall provide offender education in formats accessible to all offenders, including those who are limited English proficient, deaf, visually impaired, or otherwise disabled, as well as to offenders who have limited reading skills.

4.    Crisis Intervention

    a.    Any offender who alleges to be a victim of sexual abuse shall be:

        (1)    Immediately provided protection from the alleged abuser and the incident shall be investigated.

| | Illinois Department of Corrections<br>Administrative Directive | Page 7 of 12 |
|---|---|---|
| Number:<br>    04.01.301 | Title:<br>Sexual Abuse and Harassment Prevention and Intervention<br>Program | Effective:<br>6/1/2020 |

        (2)    Referred to health services for examination, treatment and evidence collection in accordance with Paragraph II.G.5. The decision to collect evidence shall be made on a case-by-case basis in accordance with standard investigative procedures.

        (3)    Evaluated by mental health services or a crisis intervention team member within 24 hours to assess the need for counseling services.

        (4)    Offered counseling and supportive services, such as psychological services, chaplaincy services, correctional counselors, group therapy, etc. and, if possible, be provided with a victim advocate from a sexual assault crisis center.

    b.    Staff responding to any allegation of sexual abuse shall take steps to ensure preservation of the area in which the alleged abuse occurred, including requesting that the alleged victim and abuser not take any action that may destroy physical evidence including changing clothes, bathing, brushing teeth, urinating, defecating, drinking or eating, etc.

        **NOTE:** A member of the security staff shall be promptly notified if the staff responding is other than security staff.

    c.    Any offender who alleges to be a victim of sexual harassment shall be:

        (1)    Offered protection from the alleged harasser and the incident shall be investigated.

        (2)    Offered counseling and supportive services.

**NOTE:** All response efforts, including efforts to secure advocacy services from a sexual assault crisis center, shall be documented.

    d.    Any verbal report or observance of sexual activity shall be treated as possible sexual abuse.

    e.    Any report or observance of sexual abuse or harassment shall be documented on an Incident Report, DOC 0434, and reported to the facility PREA Compliance Manager in accordance with Paragraph II.G.6. All reports shall be investigated accordingly.

    f.    Reports of sexual abuse or harassment occurring while an offender was housed at a different facility shall be reported to the Chief Administrative Officer of the facility where the incident occurred as soon as possible, but not later than 72 hours after the initial report was received.

        **NOTE:** Reports of sexual abuse or harassment occurring while an offender was housed within a different jurisdiction, such as a municipal lockup, county jail, or correctional center in another state, shall be documented on a DOC 0434 and reported by the Chief Administrative Officer of the facility that received the allegation to the Chief Administrative Officer of the agency where the alleged abuse occurred within 72 hours.

    g.    The offender's housing needs shall be reviewed to determine appropriate placement. If the offender is transferred to another facility, the PREA Compliance Manager of the sending facility shall promptly notify the PREA Compliance Manager of the receiving facility of the alleged sexual abuse or harassment to ensure the offender receives proper follow-up services.

| | Illinois Department of Corrections<br>Administrative Directive | Page 8 of 12 |
|---|---|---|
| Number:<br>04.01.301 | Title:<br>Sexual Abuse and Harassment Prevention and Intervention<br>Program | Effective:<br>6/1/2020 |

5.    Medical Treatment for Victims of Sexual Abuse

   a.    Offenders shall not be charged a co-payment for medical treatment, including a forensic medical examination, obtained for alleged sexual abuse.  Treatment shall be provided by a certified Sexual Assault Forensic Examiner (SAFE) or a certified Sexual Assault Nurse Examiner (SANE) at a local emergency room as determined by the local facility.

   b.    The medical examination provided by Department facilities shall include a general physical examination and for recent sexual abuse shall also include, but not be limited to:

      (1)    A blood test (RPR serology for Syphilis) - repeat in three months;

      (2)    Culture smears for seminal fluid, Gonorrhea, Chlamydia and other Sexually Transmitted Diseases (STD) as appropriate; STD and Gonorrhea and Chlamydia testing repeat at three weeks;

      (3)    Hepatitis C antibody test and Hepatitis B surface antigen and antibody blood test, and repeated at three months and six months, as appropriate; and

   c.    An HIV test and counseling shall be offered in accordance with Administrative Directive 04.03.115.  The HIV test shall be repeated at three, six and nine months after the initial test.

      **NOTE:** If concern exists of the possibility of HIV or Hepatitis transmission, the Agency Medical Director or an infectious disease specialist shall be contacted.

   d.    The medical records shall not reflect any conclusions regarding substantiation of sexual abuse; however, shall identify:

      (1)    The offender's name and identification number;

      (2)    A statement by the offender indicating the date and time of the alleged incident;

      (3)    Type or description of sexual abuse (i.e. oral, anal, vaginal);

      (4)    The results of the physical examination, tests and, if applicable, referral to an outside medical facility for the collection of evidence by use of an evidence collection kit;

      (5)    The documentation of the presence or absence of cuts, scratches and bruises and any trauma; and

      (6)    Documentation of counseling.

   e.    All reports contained in the evidence collection kit shall be completed and distributed appropriately, when applicable.

6.    Incident Reports

   Any alleged sexual abuse or harassment shall be reported through chain of command as an unusual incident in accordance with Administrative Directive 01.12.105. All staff who observe the alleged abuse or harassment or to whom the initial report was made shall complete a DOC 0434 and may be required to be interviewed by an investigator or other staff designated by the Chief Administrative Officer prior to leaving the facility at the end of their shift. A copy of the DOC 0434 shall be forwarded to the facility PREA Compliance Manager.

| | Illinois Department of Corrections<br>Administrative Directive | Page **9** of **12** |
|---|---|---|
| Number:<br>04.01.301 | Title:<br>Sexual Abuse and Harassment Prevention and Intervention<br>Program | Effective:<br>6/1/2020 |

7. Investigation and Referral for Discipline or Prosecution

    a. All allegations of sexual abuse or harassment shall be investigated by trained investigators in accordance with Administrative Directive 01.12.120. The initial investigative report shall be provided to the Chief Administrative Officer within 24 hours of the onset of the investigation. When notified, the Chief Administrative Officer shall notify the respective Deputy Director and the Chief of Operations.

        **NOTE:** The Department shall impose no standard higher than a preponderance of the evidence in determining whether allegations of sexual abuse or sexual harassment are substantiated.

    b. For reports of sexual abuse, the crime scene shall always be protected and investigators shall collect and tag evidence from the scene in accordance with established procedures. Evidence collected shall be submitted to the State Police within ten business days of receipt.

    c. All investigations shall include a review of:

        (1) All direct and circumstantial evidence;

        (2) Any physical barriers that may have enabled the abuse or harassment;

        (3) The adequacy of staffing levels; and

        (4) Technological needs of the facility with respect to the incident.

    d. Alleged victims of sexual abuse shall not be required to submit to truth verification examinations such as voice stress analysis or polygraph exam as part of or as a condition of the investigation.

    e. If an offender is determined to be the possible assailant, he or she shall be placed in investigatory status, unless to do so may jeopardize the investigation. For any allegation, the victim shall be protected from the alleged assailant.

    f. Upon conclusion of the investigation:

        (1) Disciplinary reports shall be completed, served and processed, where warranted.

        (2) The results shall be forwarded to the Chief of Operations who shall report the incident to the Illinois State Police, where appropriate.

        (3) The alleged victim shall be notified, in writing, of the outcome of the investigation. Investigation findings may be grieved in accordance with 20 Ill. Adm. Code 504 and Administrative Directives 04.01.114 and 04.01.115.

        (4) If applicable, the case shall be reviewed with the appropriate State's Attorney for possible referral for prosecution.

        (5) All terminations for violations of agency sexual abuse or sexual harassment policies, or resignations by staff who would have been terminated if not for their resignation, shall be reported to law enforcement agencies, unless the activity was clearly not criminal, and to any relevant licensing bodies.

| | Illinois Department of Corrections<br>Administrative Directive | Page 10 of 12 |
|---|---|---|
| Number:<br>04.01.301 | Title:<br>Sexual Abuse and Harassment Prevention and Intervention Program | Effective:<br>6/1/2020 |

(6)      Any contractor or volunteer who engages in sexual abuse shall be prohibited from contact with offenders and shall be reported to law enforcement agencies, unless the activity was clearly not criminal, and to relevant licensing bodies.

8.     Incident Reviews

     a.      Within 30 days of the conclusion of the investigation, unless the allegation was determined to be unfounded, a review team, designated by the Chief Administrative Officer, shall review the case and:

         (1)      Determine what may have been the motivation for the incident or allegation such as, but not be limited to, race, ethnicity, gender, gender identity, sexual orientation, transgenderism, intersex identification, gang affiliation, etc.

         (2)      Determine if there is a need for changes to policy or procedure; or if factors such as physical barriers or staffing may have enabled the abuse.

         (3)      Assess whether monitoring technology should be deployed to supplement staff supervision.

     b.      The review team shall prepare and submit to the Chief Administrative Officer and facility PREA Compliance Manager a written report of their findings and any recommendations for improvement. Documentation for any recommendation not implemented shall be maintained.

9.     Protection Against Retaliation

     a.      For a minimum of 90 days following the initial report of sexual abuse or harassment, the Department shall monitor the conduct and treatment of offenders or staff who reported the sexual abuse and of offenders who were reported to have suffered sexual abuse to observe if there are changes that may suggest possible retaliation by offenders or staff. The Department shall act promptly to remedy any such retaliation.

         (1)      Offender conduct and treatment shall be documented on the PREA Retaliation Monitor – Offender, DOC 0498. The review shall include, but not be limited to, disciplinary reports, housing or program changes and facility transfers, and include periodic status checks to ensure he or she displays no changes that may suggest retaliation.

         (2)      Staff conduct and treatment shall be documented on the PREA Retaliation Monitor – Staff, DOC 0499. The review shall include, but not be limited to, negative performance reviews and reassignments.

         NOTE: The Department's obligation to monitor for retaliation shall terminate if the Department determines the allegation is unfounded; however, the Department shall continue such monitoring beyond the 90 days if the initial monitoring indicated a continuing need.

     b.      If any other individual who cooperates with an investigation expresses a fear of retaliation, the Department shall take appropriate measures to protect that individual against retaliation.

H.     **Program Evaluation**

| | Illinois Department of Corrections<br>**Administrative Directive** | Page 11 of 12 |
|---|---|---|
| Number:<br>04.01.301 | Title:<br>Sexual Abuse and Harassment Prevention and Intervention<br>Program | Effective:<br>6/1/2020 |

1. The Chief Administrative Officer and facility PREA Compliance Manager at each facility shall conduct an annual evaluation of the Sexual Abuse and Harassment Prevention and Intervention Program at their respective facility and submit to the Agency PREA Coordinator a written report of the findings. The report shall be submitted to the Agency PREA Coordinator no later than May 31st of the year subsequent that of the reporting period and include, at a minimum:

    a. A review of each incident of sexual abuse or harassment that occurred during the reporting period;

    b. Program and procedural changes implemented based on the recommendations of the review team;

    c. Training needs to ensure future safety and security of offenders and staff or the needs of victims or predators of sexual abuse and harassment;

    d. A record of referrals to outside community resources;

    e. A record of referrals for post-release services; and

    f. Statistical data including:

        (1) The number of alleged incidents of sexual abuse.

        (2) The number of alleged incidents of sexual harassment.

        (3) The number of confirmed incidents of sexual abuse.

        (4) The number of confirmed incidents of sexual harassment.

        (5) The discipline imposed for sexual abuse or harassment.

        (6) The number of referrals for criminal prosecution.

        (7) The number of criminal prosecutions filed for sexual abuse, including the current status.

    g. Confirmation of a review of the facility's Staffing Plan.

2. Upon receipt of the annual reports from each facility, the Agency PREA Coordinator shall assess the overall effectiveness of the Department's Sexual Abuse and Harassment Prevention and Intervention Program and submit to the Director a written report that, at a minimum, provides:

    a. Statistical data and corrective action by facility;

    b. Aggregated incident based sexual abuse or harassment data for the Department;

    c. Perceived areas of concern and recommended or implemented improvements;

    d. A comparison of the current year's statistical data and corrective actions with those of previous reporting periods; and

    e. An assessment of the Department's progress in addressing sexual abuse or harassment overall.

| | Illinois Department of Corrections<br>**Administrative Directive** | Page **12** of 12 |
|---|---|---|
| Number:<br>04.01.301 | Title:<br>Sexual Abuse and Harassment Prevention and Intervention<br>Program | Effective:<br>6/1/2020 |

3.  The annual report shall be made available on the Department's website no later than June 30th of the year subsequent that of the reporting period.  Upon request, the report shall be submitted to the Department of Justice.

    **NOTE:**  The final report shall not contain any personal identifiers.  The Department may redact information on the posted report if said information would present a clear and specific threat to the safety and security of a facility or the Department.

4.  All reports and statistical data shall be retained for a period of no less than 10 years.

ILLINOIS DEPARTMENT OF CRRECTIONS
## STATEWIDE REQUEST FOR VARIANCE

AD Number   04.01.301                    AD Title  Sexual Abuse & Harassment Prevention & Intervention P▆

| Provide the Citation of the specific paragraph(s) for which the variance pertains: |
|---|
| II.G.1.b.(1)  Ordinarily within 72 hours of admission or transfer to any facility:<br>(a) Staff designated by the Chief Administrative Officer shall screen each offender for sexually abusive behavior or victimization.<br>(b) Clinical services staff shall review the pre-sentence report, statement of facts and other material in the master file for sexually abusive behavior or victimization.  Concerns shall be forwarded to the facility PREA Compliance Manager.<br>(c) Mental health professionals shall inquire whether the offender has been a victim of sexual abuse in the past. |

| Provide new citation |
|---|
| II.G.1.b.(1)  Ordinarily within 24 hours of admission or transfer to any facility, staff designated by the Chief Administrative Officer shall screen each offender for sexually abusive behavior or victimization.<br>(2) Ordinarily within 72 hours of admission or transfer to any facility:<br>(a) Clinical services staff shall review the pre-sentence report, statement of facts and other material in the master file for sexually abusive behavior or victimization.  Concerns shall be forwarded to the facility PREA Compliance Manager.<br>(b) Mental health professionals shall inquire whether the offender has been a victim of sexual abuse in the past.<br>[renumber existing list in subsection] |

| Justification for the request (attach all substantiating information such as an audit finding) |
|---|
| ACA Standard 5-3D-4281-2:  Inmates are screened within 24 hours of arrival at the facility for potential vulnerabilities or tendencies of acting out with sexually aggressive behavior. |

**Submitted by:**

| Ryan Nottingham / Agency PREA Coord. | Ryan S. Nottingham Digitally signed by Ryan S. Nottingham Date: 2020.07.20 14:31:18 -05'00' | 07/20/2020 |
|---|---|---|
| Print Name/ Title | Signature | Date |

Submit by E-mail

**Policy and Directives Review**

| Echo Beekman | Echo Beekman Digitally signed by Echo Beekman Date: 2020.07.21 08:50:09 -05'00' | 07/21/2020 |
|---|---|---|
| Print Name | Signature | Date |

**\*\*This variance is effective upon the date of the Director's signature\*\***

ILLINOIS DEPARTMENT OF CRRECTIONS
## STATEWIDE REQUEST FOR VARIANCE

Review Comments

<u>**Recommendation and Approval:**</u>

**Executive Policy Administrator** (if not the requestor)          ☒ Approved          ☐ Denied

| Jason W. Hall/Chief Compliance Officer | Jason W. Hall  Digitally signed by Jason W. Hall Date: 2020.07.21 11:38:04 -05'00' | 07/21/2020 |
|---|---|---|
| Print Name/ Title | Signature | Date |

**Legal Representative**          ☒ Approved          ☐ Denied

| Robert Fanning/Chief Legal | Robert L. Fanning  Digitally signed by Robert L. Fanning Date: 2020.07.21 13:33:00 -05'00' | 7/21/2020 |
|---|---|---|
| Print Name/ Title | Signature | Date |

**Director:**          ☒ Approved          ☐ Denied

| Rob Jeffreys | Rob Jeffreys  Digitally signed by Rob Jeffreys Date: 2020.07.29 16:12:50 -05'00' | 07/29/2020 |
|---|---|---|
| Print Name/ | Signature | Date |

**\*\*This variance is effective upon the date of the Director's signature\*\***

Claim 1

Defendant K. Birch - Per. Griev. No. 116-01-20

On-Site Medical Director, Kimberly Birch, months before putting me in for referral with Wexford, to get permission for the procedures - EGD and Colonoscopy - was aware of my issue of pooping blood, bad - often extreme - burning pain in my stomach, and blood inside my stool.

After I was aproved by Wexford for these procedures, a referral was made to Dr. Jyot, of the SIH Medical Group General Surgery.

The referral states my need of procedure is not urgent. (Referral Attached)

On November 25, 2019, I was seen by Dr. Jyot, in his office for an assessment. It was recommended that I receive an EGD and Colonoscopy. (Assessment and Recommendation Attached)

The ~~proce~~ Procedures were finally done, 50 days later, on January 14, 2020. (Report Attac)

So because Ms. Birch, decided my urgent condition, was not urgent, I was made to continue enduring the excesive bleeding, and, at times, overwhelming stomach pain.

1)

Claim 2

Defendant K. Birch - Pes. Griev. 116-01-20 Cont.

For over a year I've been complaining of extreme (back, right flank) kidney pain.

On July 15, 2019, x-rays were taken to see what was causing my pain.

On July 17, 2019, a radiologist report was generated saying; due to overlying bowel gas, the x-ray wasn't determinative as to the cause of my pain, and that a CT scan would be helpful for further evaluation. (Report Attached)

Instead of getting me in for the CT scan, MD, Dr. Birch, decided against it, and scheduled me an on-site ultra sound. Marked not urgent)

On August 21, 2019, an ultra sound was conducted on my kidneys. (Referral, and Aug. 29, 2019, Report Attached)

After the ultra sound, I was seen numerous times for nurse sick call, and by Ms. Birch, complaining of 10, out of 10, extreme pain in my (back, right flank) kidney.

So Ms. Birch said, "we'll use the CT suggested by Dr. Jyot, to see what's going on with your kidneys."

On March 3, 2020, the CT scan was performed. (Procedure and Report Attached).

2)

Defendant K. Birch - Per Griev. 116-01-20 Cont.

The CT Scan was authorized by Greta Smith, not Dr. Birch; over 7 months, after the July 17, 2019, radiologist report. Although the report by Dr. Jyot said the CT could be done per Dr. Birch's scheduling.

Even now, I still get 8-10, out of 10, pain in my right back flank, although not as often, or prolonged.

3)

claim 3

Defendant Wexford

Per the policies (Attached) of Wexford
contract with I.D.O.C., it was to
train its staff/employees of the
internal Rules and Regulations of
the I.D.O.C, facilities

It was to ensure my safety per policies
(Attached)

# Claim 11

Defendants for PREA - sexual assault.

Penny Georg, Greta Smith, Dr. Birch,
Lt. Ramage, Dave White, Rob Jeffreys,
Connie Houston, Sarah Robertson, Matthew
Swalls, Terry Grissom.

These defendants were all made
aware of the violation; and no one
adhered to the PREA Administrative
Directive.

No one helped
I was never seen by mental
health or anyone else per
PREA Directive.

# Appendix

Ex. 1 ... 9/13/18, order, case No. 18-1503-NJR Waiving filing fees.

Ex. 2 ... Memorandum of law

Ex. 3 and 3.1 .... Policies of contract between Wexford and I.D.O.C.

Ex. A ... EGD and Colonoscopy Referral

Ex. B ... Dr. Syot's Assessment and Recommendation

Ex. C ... Dr. Syot Colonoscopy and EGD report

Ex. D ... 7-17-19, Radiologist Report

Ex. E ... Ultra Sound Referral

Ex. F ... Ultra Sound Report

Ex. G ... CT scan procedure and Report

Ex. H ... Legal Scrotum Ultra Sound

PREA exhibit after statement of facts

Also Consent to Magistrate Judge

Also Proof of Servise

2)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

RECEIVED
and sent
SEP 17 2020
By: Karen Parner
Librarian
Vienna C.C

### ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, or pleading. to the U.S. District Court for the Southern District of Illinois for review and filing.

<u>Jared M. Smith</u>                     <u>K58441</u>
Name                                          ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1.  Is this a new civil rights complaint or habeas corpus petition?        (Yes) or  No

    If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2.  Is this an Amended Complaint or an Amended Habeas Petition?        Yes or (No)

    If yes, please list case number: _____

    If yes, but you do not know the case number, mark here:      _____

3.  Should this document be filed in a pending case?        Yes or (No)

    If yes, please list case number: _____

    If yes, but you do not know the case number, mark here:      _____

4.  Please list the total number of pages being transmitted:        ~~88~~ ~~89~~ 57 w/ cover
                                                                                         (one of two)

5.  If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

    Name of Document                                Number of Pages

    <u>1983 law suit</u>                          ~~88~~ 89 count. back of griev. and
                                                                          griev. officer report.

Please note that discovery requests and responses are NOT to be filed; instead they should be forwarded to the attorney(s) of record.  Discovery materials sent to the Court will be returned unfiled.